UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

DWIGHT L. WRIGHT,

    Plaintiff,

v.

DEUTSCHE BANK NATIONAL TRUST
COMPANY, as trustee for the Registered
Holders of Morgan Stanley ABS Capital Inc.
Trust 2007-HE& Mortgage Pass-Through
Certificates, Series 2007 HE7, OCWEN
LOAN SERVICING, LLC, and NEW
CENTURY MORTGAGE,

    Defendants.

Civil Action No. 16-8989-BRM-LHG

**MEMORANDUM ORDER**

    **THIS MATTER** was opened to the Court on a Motion to Dismiss filed by Defendants Ocwen Loan Servicing, LLC ("Ocwen") and Deutsche Bank National Trust Company ("Deutsche Bank"), as trustee for the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2007-HE7 Mortgage Pass-Through Certificates, Series 2007-HE7 ("Defendants"), pursuant to Federal Rules of Civil Procedure 12(b)(2), (4), (5) and (6). (ECF No. 10-1.) For the reasons set forth below, the Court finds it lacks jurisdiction over Defendants and Defendants' Motion to Dismiss is **GRANTED**.

    This dispute arises out of a foreclosure against Dwight L. Wright's ("Wright") property in Morganville, New Jersey ("Property"). Wright alleges he executed a promissory note (the "Note") in favor of Premier Bank, in connection with a mortgage loan (the Mortgage") secured by his Property. (ECF No. 5 ¶ 1.) He further contends, through various mergers, bankruptcies, and transfers of the Note, Deutsche Bank believes itself to be the owner of the Note despite there being

no evidence any such transferred occurred. (*Id.* ¶¶ 2-8.) He alleges Deutsch Bank never validly acquired an interest in the Note and lacked standing to foreclose on his Property. (*Id.* ¶¶ 7-14.) Wright further attacks the validity of the trust for which Deutsche Bank serves as trustee, the assignment of the Mortgage, and a loan modification. (*Id.* ¶¶ 15-25.)

Based on these allegations, on December 4, 2016, Wright filed a Complaint against Deutsche Bank, Ocwen, and New Century Mortgage and an application to proceed *in forma pauperis* ("IFP"). (Compl. (ECF No. 1).) On January 9, 2017, the Court denied his IFP application without prejudice. (ECF No. 2.) On February 5, 2017, Wright filed a Motion to Reopen his case and proceed IFP, which was denied on February 6, 2017. (ECF No. 4.)

On February 20, 2017, Wright filed an Amended Complaint and paid the filing fee. (Am. Compl. (ECF No. 5).) His Amended Complaint brings seven counts against all three defendants: (1) mortgage servicing fraud; (2) violation of the regulation and the Real Estate Settlement Procedures Act; (3) theft, conversion, fraud, duress, and undue influence; (4) violations of the Truth-in-Lending Act; (5) violations of the New Jersey Consumer Fraud Act; (6) breach of contract; and (7) unjust enrichment. (*Id.*) On May 18, 2017, Wright's attorney submitted a certification certifying he served a true and correct copy of Wright's Amended Complaint on all defendants. (ECF No. 6.)

On May 22, 2017, Wright filed a request for default against all defendants. (ECF No. 8.) The Clerk's office denied the request "because the Defendants were not properly served pursuant to federal rule 4m, summons were never issued." (Clerk's Quality Control Message, dated May 24, 2017.) The Clerk's office also instructed Wright to file a letter requesting the summons to be issued as to the Amended Complaint. (*Id.*) Wright has yet to request summons to be issued as to his Amended Complaint. On June 23, 2017, Defendants filed a Motion to Dismiss for lack of

jurisdiction and for failure to state a claim. (ECF No. 10.) Wright opposes the Motion, but does not address the jurisdictional issues. (*See* ECF No. 11.)

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of summons must be satisfied." *Omni Capital International v. Rudolf Wolff and Co., Ltd.*, 484 U.S. 97, 104 (1987). Service of a summons is the procedure by which a court having venue and subject matter jurisdiction asserts jurisdiction over the defendant. *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444–45 (1946)). Service of process in a federal action is governed by Federal Rule of Civil Procedure 4.

Rule 4(a)(1) prescribes the form of the summons:

> A summons must:
> (A) name the court and the parties;
> (B) be directed to the defendant;
> (C) state the name and address of the plaintiff's attorney or—if unrepresented—of the plaintiff;
> (D) state the time within which the defendant must appear and defend;
> (E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint;
> (F) be signed by the clerk; and
> (G) bear the court's seal.

Rule 4(b) addresses the issuance of the summons:

> On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. A summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served.

"The issuance of a summons signed by the Clerk, with the seal of the Court, and the time designated within which defendant is required to appear and attend, are essential elements of the court's personal jurisdiction over the defendant." *Ayres v. Jacobs & Crumplar*, 99 F.3d 565, 568

(3d Cir. 1996). "The failure a plaintiff to obtain valid process from the court to provide it with personal jurisdiction over the defendant in a civil case is fatal to the plaintiff's case." *Id.* at 569.

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of summons must be satisfied." *Omni*, 484 U.S. at 104. Specifically, Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In this case, Wright never requested the Clerk issue summonses despite being instructed to do so. While Plaintiff certifies he served defendants with the Complaint, he did not serve them with summonses—let alone proper summonses—as required by Rule 4. (*See* ECF No. 6.) Because Wright, as plaintiff, "is responsible for having the summons and complaint served within the time allowed by Rule 4(m)," Fed. R. Civ. P. 4(c)(1), and he failed to do so, the Court lacks jurisdiction over all defendants. Accordingly,

**IT IS** on this 25th day of January 2018,

**ORDERED** that Defendants Motion to Dismiss (ECF No. 10) is **GRANTED** without prejudice and the case is **CLOSED**; and it is further

**ORDERED** that Wright's Motion to Amend (ECF No. 13) is **MOOT**.

                                              */s/Brian R. Martinotti*
                                              **HON. BRIAN R. MARTINOTTI**
                                              **UNITED STATE DISTRICT JUDGE**