NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DWIGHT L. WRIGHT, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 3:16-cv-8989-BRM-LHG |
| OCWEN LOAN SERVICING, LLC; DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for THE REGISTERED HOLDERS OF MORGAN STANLEY ABS CAPITAL I INC. TRUST 2007-HE7 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007 HE7; and NEW CENTURY MORTGAGE, | : |
| Defendants. | : OPINION |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Motion to Dismiss filed by Defendants Ocwen Loan Servicing, LLC ("Ocwen") and Deutsche Bank National Trust Company, as Trustee for the Registered Holders of Morgan Stanley ABS Capital I Inc. Trust 2007-HE7 Mortgage Pass-Through Certificates, Series 2007 HE7 ("Deutsche Bank") (collectively, "Defendants") seeking to dismiss Plaintiff Dwight L. Wright's ("Wright" or "Plaintiff") Amended Complaint (the "Amended Complaint") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 31.) Wright filed an Opposition to Defendants' Motion to Dismiss the Amended Complaint (ECF No. 36) and Defendants filed a Reply Brief to Wright's Opposition to its Motion to Dismiss (ECF No. 39). Having reviewed the submissions filed in connection with the motions and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below

and for good cause appearing, Defendants' Motion to Dismiss the Amended Complaint is **GRANTED** and the Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

I. BACKGROUND

A. **Factual Background**

For the purposes of this Motion to Dismiss, the Court accepts the factual allegations in the Amended Complaint as true and draws all inferences in the light most favorable to the plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Furthermore, the Court also considers any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Dig. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

Wright is an individual and a resident of New Jersey. (ECF No. 30 ¶ 1.) Ocwen is a Florida corporation with its principal place of business in West Palm Beach, Florida, and Deutsche Bank is the domestic subsidiary of a German corporation with its principal place of business in Los Angeles, California. (*Id.* ¶¶ 2-3.) New Century Mortgage ("New Century") is a California corporation with its principal place of business in Irvine, California. (*Id.* ¶ 4.)

At some point prior to 2012, a note (the "Note") was executed on Wright's property (the "Property") in Morganville, New Jersey in favor of Premier Bank ("Premier"), a Kansas corporation. (*Id.* ¶ 1.)[1] In May 2012, Premier merged with ANB Bank ("ANB"). (*Id.* ¶ 2.) Wright alleges there is "no endorsement on the Note" and that Deutsche Bank filed an "Assignment of Note Without Recourse," but it was "on a separate sheet of paper, [] undated, and contain[ed] no

---

[1] This Court interpreted the factual allegations in the Amended Complaint to the best of its ability. The facts are largely disjointed, exceedingly difficult to follow, sometimes recited in first person, and often bereft of important connectors between crucial allegations. Moreover, the paragraph numbering begins again at "1" in each section, which is to account for the apparent duplication in this Court's citations to the Amended Complaint.

specific payee." (*Id.* ¶¶ 4-5.) Accordingly, Wright contends there is no proof that the Note was transferred prior to the Premier-ANB merger and there is "no document demonstrating that the Note was within the inventory of Premier [] at the time of the alleged assignment." (*Id.* ¶¶ 6-7.) Wright further contends there is "no corporate resolution or other document setting forth that Premier [] had any authority to execute the "Assignment of Note" or to transfer the Note after it merged with ANB Bank." (*Id.* ¶ 7.) Sometime thereafter, Deutsche Bank filed an undated Bailee letter (the "Bailee Letter") which claimed to include the original promissory note evidencing the mortgage loans. (*Id.* ¶ 8.)[2] Wright contends Deutsche Bank "never acquired any interest in the Note and thus never had standing to institute this action *ab initio*." (*Id.* ¶ 13.)

Wright further alleges that, by its "very designation," the Deutsche Bank trust closed in 2007, the same year in which New Century filed for bankruptcy. (*Id.* ¶ 16.) Therefore, and because there is an "absence of [] documentation demonstrating that the loan [which is] the subject of this action was not within the New Century [b]ankruptcy," . . . "there is no proof of any assignment or transfer of the loan to Deutsche Bank." (*Id.* ¶ 17.) As such, Wright contends no assignment ever occurred. (*Id.* ¶¶ 17-19.)

On May 1, 2012, Deutsche Bank "admitted that the loan was in default," however, the Mortgage Electronic Registration System ("MERS") "claims to have assigned the Note to Deutsche Bank . . . on November 14, 2012, which could not have happened as a matter of fact in view of the documents produced by Deutsche Bank." (*Id.* ¶ 20.) MERS was the "nominee of a lender which divested its interest in the Note to a third party," Deutsche Bank. (*Id*.) Due to New

---

[2] The Bailee Letter was received by New Century, which subsequently filed for bankruptcy on April 2, 2007. (*Id.* ¶ 9.) Wright contends there is "no document from the Bankruptcy Court which sets forth that the Note [at] the subject of this action was sold to anyone." (*Id.* ¶ 12.)

3

Century's bankruptcy, MERS, as "nominee," had nothing to assign. (*Id.* ¶ 23.) Wright contends Deutsche Bank could not have had possession of the original Note without proof that the Note was not part of the New Century bankruptcy or that the New Century bankruptcy court permitted the sale or transfer of the Note out of the proceeding. (*Id.* ¶ 26.) As such, Wright argues that no valid assignment occurred.

### B. Procedural History

On December 4, 2016, Wright filed a Complaint (the "Complaint") against Defendants Ocwen, Deutsche Bank, and New Century asserting causes of action for: mortgage servicing fraud (Count One); violations of Regulation X and the Real Estate Settlement Procedures Act (Count Two); theft, conversion, duress, and undue influence (Count Three); violations of the Truth-in-Lending Act (Count Four); violations of the New Jersey Consumer Fraud Act ("NJCFA'") (Count Four);[3] breach of contract (Count Five); and unjust enrichment (Count Six). (ECF No. 1.)

On June 23, 2017, Defendants filed a Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), (4), (5), and (6). (ECF No. 10.) On July 7, 2017, Wright filed an Opposition to Defendants' Motion to Dismiss (ECF No. 11) and on July 10, 2017, Defendants filed a Reply Brief to Wright's Opposition to its Motion to Dismiss (ECF No. 12). On December 17, 2017, Wright filed a Motion to Amend the Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). (ECF No. 13.) On January 2, 2018, Defendants filed an Opposition to Wright's Motion to Amend. (ECF No. 14.) On January 25, 2018, this Court filed a Memorandum Order granting Defendants' Motion to Dismiss without prejudice and denying Wright's Motion to Amend as moot, thereby closing the case. (ECF No. 15.)

---

[3] The Complaint contains two counts both labeled as "Count Four." (ECF No. 1 at 12-13.) When necessary, this Court will reference each count as the cause of action rather than the count "number" so as to avoid confusion.

On February 18, 2018, Wright filed a Letter Request that summons be issued pursuant to Federal Rule of Civil Procedure 4(a)(1) and the case be reopened. (ECF No. 16.) On February 27, 2018, this Court issued a Text Order granting Wright's request that summons be issued and the case be reopened. (ECF No. 17.)

On January 4, 2019, following various administrative terminations and extensions of time to file, Wright filed the Amended Complaint against Ocwen, Deutsche Bank, and New Century, asserting causes of action for: violations of the Fair Debt Collection Practices Act ("FDCPA") – mortgage servicing fraud – against all defendants (Count One); violations of Regulation X and the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* ("RESPA") against Deutsche Bank (Count Two); violations of the Truth-in-Lending Act ("TILA") against all defendants (Count Three); violations of the NJCFA against Deutsche Bank (Count Four); and unjust enrichment against Deutsche Bank (Count Five). (ECF No. 30.) On January 17, 2019, Defendants filed a Motion to Dismiss the Amended Complaint. (ECF No. 31.) On February 25, 2019, Wright filed an Opposition to Defendants' Motion to Dismiss (ECF No. 36) and on March 5, 2019, Defendants filed a Reply Brief to Wright's Opposition to its Motion to Dismiss. (ECF No. 39).

## II. LEGAL STANDARDS

### A. Rule 12(b)(6) Standard

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, the plaintiff's "obligation to provide the 'grounds'

of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a probability requirement.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). However, courts are "not compelled to accept 'unsupported conclusions and unwarranted inferences,'" *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (quoting *Schuylkill Energy*

*Res. Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997)), nor "a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286.

While, as a general rule, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Dig. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

### B. Rule 9(b)

Pursuant to Federal Rule of Civil Procedure 9(b), when alleging fraud, "a party must state with particularity the circumstances constituting fraud or mistake, although intent, knowledge, and other conditions of a person's mind may be alleged generally." *In re Lipitor Antitrust Litig.*, 868 F.3d 231, 249 (3d Cir. 2017) (citations omitted); *see also U.S. ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 307 (3d Cir. 2016) (holding that a "plaintiff alleging fraud must . . . support its allegations with all of the essential factual background that would accompany the first paragraph of any newspaper story – that is, the who, what, when, where and how of the events at issue") (citations omitted). Accordingly, "a party must plead [its] claim with enough particularity to place defendants on notice of the 'precise misconduct with which they are charged.'" *United States ex rel. Petras v. Simparel, Inc.*, 857 F.3d 497, 502 (3d Cir. 2017) (quoting *Lum v. Bank of Am.*, 361 F.3d 217, 223-24 (3d Cir. 2004), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

7

## III. DECISION

Defendants argue Wright has failed to adequately plead a single claim for which relief may be granted, especially in light of the heightened pleading standard applicable to Counts One and Four. (ECF No. 31-2 at 8-25.) Defendants further contend Wright's RESPA claim is time-barred and so vague and confusing so as to fail to state a claim pursuant to the *Twombly-Iqbal* standard, Wright's TILA claim is time-barred, Wright's unjust enrichment allegation consists solely of a legal conclusion and omits necessary background information, and the doctrines of judicial estoppel and collateral estoppel preclude Wright's claims entirely. (*Id.*) Wright argues his claims are each sufficiently pled and each presents a genuine issue of material fact so as to preclude Defendants' Motion to Dismiss. (ECF No. 36 at 1-17.) The Court addresses each cause of action in turn.

### A. FDCPA and Servicing Fraud (Count One)

Although Count One is titled "Violation of the FDCPA – Mortgage Servicing Fraud," the paragraphs contained therein attempt to state a claim for common law fraud. (ECF No. 30, Count One ¶¶ 2-16.) Indeed, in Count One, Wright provides the elements of a common law fraud claim at New Jersey law and never ties any of Defendants' alleged conduct to a claim under the FDCPA. (*Id.*) Nevertheless, Wright has failed to state a claim for common law fraud or for an FDCPA violation.

Congress enacted the FDCPA in 1977 as a result of the "abundance evidence of the use of abusive, deceptive, and unfair debt collection practices" and the inadequacy of existing laws and procedures designed to protect consumers. 15 U.S.C. § 1692(b). The stated purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors" and to promote further action to protect consumers against debt collection abuses. *Kaymark v. Bank of Am., N.A.*, 783 F.3d 168,

174 (3d Cir. 2015) (quoting 15 U.S.C. § 1692(e)). "The right congress sought to protect in enacting this legislation was therefore not merely procedural, but substantive and of great importance." *Blaha v. First Nat'l Collection Bureau*, Civ. No. 16-cv-2791, 2016 U.S. Dist. LEXIS 157575, at *23 (D.N.J. Nov. 10, 2016).

Typically,

> [t]o prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt.

*Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014).

Here, Wright has not made any allegation that he is a consumer, that Defendants are debt collectors, or that the Defendants violated any provision of the FDCPA in attempting to collect a debt. (ECF No. 30, Count 1 ¶¶ 1-16.) Rather, Wright merely regurgitates allegations contained in the Amended Complaint's factual averments, specifically that the Note was undated, there is "no proof that any transfer of the Note took place," and the Bailee Letter was received by New Century, which was in bankruptcy. (*Id.* ¶¶ 5-9.) Wright fails entirely to specifically allege how the FDCPA was violated, which sections of the statute are claimed to have been violated, and the damages sustained as a result. Accordingly, Wright has failed to state an FDCPA claim adequate to withstand Defendants' Motion to Dismiss.

Similarly, Wright has failed to adequately state a claim for common law fraud. To state a claim for common law fraud under New Jersey law, a plaintiff must allege "(1) [the defendant made] a material misrepresentation of a presently existing fact or past fact; (2) knowledge or belief by the defendant of its falsity; (3) [the defendant had] an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Triffin v.*

9

*Automatic Data Processing, Inc.*, 926 A.2d 362, 368 (N.J. Super. Ct. App. Div. 2007) (citing *Gennari v. Weichert Co. Realtors*, 691 A.2d 350, 367 (N.J. 1997)). The heightened pleading standard of Rule 9(b) applies to common law fraud causes of action. *Dewey*, 558 F. Supp. 2d at 524.

The allegations in the Amended Complaint fall far short of satisfying the heightened pleading standard of Rule 9(b). Wright provides no specific details concerning the alleged fraudulent assignment of his debt or any explanation whatsoever as to how the alleged fraud was perpetrated. Furthermore, Wright has also failed to allege any facts underlying Defendants' alleged misconduct, such as when it occurred, which Defendants were involved, which disclosures were improper, or how Wright was damaged as a result of Defendants' conduct. Additionally, the Amended Complaint fails to specify how an allegedly fraudulent conveyance of Wright's mortgage loan to a new owner constitutes fraud on the part of the servicers of the debt, which act merely as loan servicers unconnected to the transfer of the ownership of the loan. As such, the Amended Complaint fails to state a claim for either a violation of the FDCPA or common law fraud pursuant to New Jersey law. Accordingly, Defendants' Motion to Dismiss Count One is **GRANTED**.

### B. Regulation X of RESPA (Count Two)

Count Two alleges a violation of Regulation X of RESPA against Deutsche Bank. Wright alleges Deutsche Bank is in "direct violation" of Regulation X of RESPA as Wright submitted a loan modification application to Deutsche Bank, which failed to properly review his loan submission in a timely fashion or to provide a valid response to Wright's loan modification submissions. (ECF No. 30, Count Two ¶¶ 7-11.) Wright claims Deutsche Bank's delay resulted in thousands of dollars in additional fees. (*Id.* ¶ 12.)

RESPA is "intended to protect borrowers from abusive loan servicing by, *inter alia*, proscribing certain aspects of the real estate settlement process." *Bounasissi v. N.Y. Life Ins. and Annuity Corp.*, No. 15-7585, 2016 WL 4697333, at *2 (D.N.J. Sept. 6, 2016). Regulation X of RESPA "sets the process by which a borrower and lender may modify a mortgage and avoid a foreclosure sale without requiring the lender to provide any specific loss mitigation option." *Id.* "By its own terms, Regulation X applies *only* to a loan servicer, or 'a person responsible for the servicing of a federally regulated mortgage loan (including the person who makes or holds such loan if such person also services the loan).'" *Id.* (quoting 12 C.F.R. § 1024.2) (emphasis added). Loan servicing "means receiving any scheduled periodic payments from a borrower pursuant to the terms of any federally mortgaged loan," and "making the payments to the owner of the loan or other third parties of principal and interest and such other payments with respect to the amounts received form the borrower as may be required." *Id.* (quoting 12 C.F.R. § 1024.2).

Wright has failed to allege that Deutsche Bank is a loan servicer or that Deutsche Bank serviced its loan. Indeed, there is no allegation that Deutsche Bank is a loan servicer, or that it received periodic payments and disbursed such monies to the owner of the loan. In opposition to Defendants' Motion to Dismiss, Wright cites, *inter alia*, *Bukowski v. Wells Fargo*, 757 F. App'x 124 (3d Cir. 2018) for the proposition that a plaintiff in a RESPA action may recover actual damages, and *Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1246 (11th Cir. 2016), which held that there must be a "causal link" between the alleged RESPA violation and the plaintiff's damages to impose liability. (ECF No. 36 at 3-4.) Neither case cited by Wright provides support to his position. On the contrary, both cases explicitly note that a defendant must be the servicer of the loan at issue for plaintiff to succeed on his or her RESPA claim. *Bukowski*, 757 F. App'x at 128; *Renfroe*, 822 F.3d at 1246. Accordingly, Wright has failed to state a claim for a RESPA

violation.

Moreover, even if Wright had adequately alleged that Deutsche Bank was the servicer of the loan at issue in this litigation, his RESPA claim must still fail as they are time-barred. RESPA has a three-year statute of limitations for violations of § 2605 and a one-year statute of limitations for violations of § 2607 and § 2608. 12 U.S.C. § 2614. Here, Wright's mortgage closed on January 31, 2007. (ECF No. 31-3, Exs. E & F.) Wright filed the Complaint on December 4, 2016, well past the applicable statute of limitations. (ECF No. 1.) Additionally, Wright's RESPA violation allegations are far too vague to satisfy the pleading standard established in *Twombly* and *Iqbal*. Wright merely alleges he "submitted a loan modification application to Defendant quite some time ago" and that "Defendant" failed to timely review the modification thereby resulting in an "offer made result[ing] in thousands of dollars in additional fees." (ECF No. 31, Count Two ¶¶ 9-12.) Notably, Wright fails entirely to provide any details about the "offer made" that allegedly resulted in the damages. As such, the vague allegations in the Amended Complaint fall well short of stating a right to relief above a "speculative level." *Twombly*, 550 U.S. at 555. Accordingly, Defendants' Motion to Dismiss Count Two is **GRANTED**.

### C. Truth-in-Lending Act (Count Three)

Count Three of the Amended Complaint asserts a violation of the TILA against all Defendants. Specifically, Wright alleges Defendants were creditors pursuant to the TILA required to "provide notices of the right to rescind the mortgage and deliver material disclosures to [Wright]." (ECF No. 31, Count Three ¶ 3.) Wright claims Defendants failed to provide him with accurate rescission notices or accurate material disclosures, and that such violations were "apparent on the face of the assigned documents." (ECF No. 30, Count Three ¶¶ 4-5.)

Congress passed TILA "to help consumers 'avoid the uninformed use of credit, and to

protect the consumer against inaccurate and unfair credit billing.'" *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 791-92 (2015) (quoting 15 U.S.C. § 1601(a)). TILA "grants borrowers the right to rescind a loan 'until midnight of the third business day following the consummation of the transaction or the delivery . . . by notifying the creditor, in accordance with regulations of the [Federal Reserve] Board, of his intention to do so.'" *Jesinoski*, 135 S. Ct. at 792 (quoting 15 U.S.C. § 1635(a)). After these three business days have expired, a borrower "may rescind only if the lender failed to satisfy the Act's disclosure requirements." *Jesinoski*, 135 S. Ct. at 792. However, "this conditional right to rescind does not last forever." *Id.* "Even if a lender never makes the required disclosures, the 'right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever comes first.'" *Id.* (quoting 15 U.S.C. § 1635(f)). A borrower need only notify the creditor of his or her intention to rescind; the statute does not also require that he or she file suit within three years. *Jesinoski*, 135 S. Ct. at 792.

Wright has failed to state a claim for a violation of TILA. Wright alleges only that Defendants "failed to comply with TILA by failing to provide [him] with proper []accurate written rescission notice[s] and accurate material disclosures." (ECF No. 31, Count Three ¶ 4.) The allegations in the Amended Complaint are bald and conclusory and merely regurgitate, albeit inaccurately, the elements of a TILA cause of action. *See Iqbal*, 556 U.S. at 678. As such, the factual allegations in the Amended Complaint are insufficient to establish a claim for relief that is plausible on its face. *Id.* Moreover, Wright has also failed to timely assert his TILA claim. There is absolutely no allegation that Wright notified Defendants of his intention to rescind within three years of the closing of the loan – which took place on January 31, 2007 – and the Complaint was filed more than ten years after the loan's closing. Accordingly, Defendants' Motion to Dismiss Count Three is **GRANTED**.

### D. NJCFA (Count Four)

Count Four of the Amended Complaint asserts an NJCFA claim against Deutsche Bank. Wright alleges that he was a "consumer" of Deutsche Bank's goods and services, and that Deutsche Bank engaged in deceptive and fraudulent practices, such as: fraudulently representing Wright's loan modification would be given appropriate evaluation, knowing that it had no "authority and standing to do so"; and failing to inform Wright that it divested itself of the Note and Mortgage and therefore "had no authority or standing to proceed with a foreclosure Sheriff Sale." (ECF No. 30, Count Four ¶¶ 10-13.) Defendants contend the NJCFA claim should be dismissed as, *inter alia*, the allegations fail to meet the heightened pleading standard of Rule 9(b) and Wright does not allege as ascertainable loss. (ECF No. 31-2 at 13-15.)

The NJCFA states, in pertinent part:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice; . . . .

N.J. Stat. Ann. § 56:8-2.

Courts have interpreted this section to require the following three elements to state a cause of action under the NJCFA: "1) unlawful conduct by defendant; 2) an ascertainable loss by plaintiff; and 3) a causal relationship between the unlawful conduct and the ascertainable loss." *Bosland v. Warnock Dodge, Inc.*, 964 A.2d 741, 749 (N.J. 2009) (citing *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co., Inc.*, 929 A.2d 1076, 1086 (N.J. 2007)).

An "ascertainable loss" is one that is "quantifiable or measurable." *Thiedemann v.*

*Mercedes-Benz USA, LLC,* 872 A.2d 783, 793. (N.J. 2005). A "plaintiff must suffer a definite, certain and measurable loss, rather than one that is merely theoretical." *Bosland*, 964 A.2d at 749. Additionally, plaintiffs must set forth allegations sufficient to show those losses are causally connected to defendant's alleged conduct. *Id*. It is not sufficient to make conclusory or broad-brush allegations regarding defendant's conduct; plaintiff must specifically plead those facts. *Torres-Hernandez*, No. 08-1057, 2008 WL 5381227, at *7 (D.N.J. Dec. 17, 2008). This requires, for example, pleading when and to whom the alleged fraudulent statements were made. *See Dewey*, 558 F. Supp. 2d at 527. Additionally, NJCFA claims are subject to the heightened pleading standard contained in Rule 9(b). *FDIC v. Bathgate*, 27 F.3d 850, 876 (3d Cir. 1994).

Here, Wright has not pled an NJCFA cause of action with enough specificity to satisfy the pleading standard of Rule 9(b). When alleging fraud, Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud or mistake, although intent, knowledge, and other conditions of a person's mind may be alleged generally." *Lipitor*, 868 F.3d at 249 (citations omitted). Stated otherwise, "a party must plead [its] claim with enough particularity to place defendants on notice of the 'precise misconduct with which they are charged.'" *Petras*, 857 F.3d at 502 (citations omitted). The Amended Complaint falls well short of this heightened pleading standard. The factual allegations in the Amended Complaint are entirely conclusory and completely bereft of any background details concerning how the supposed fraud was accomplished, who was involved, and when it took place. As such, the Amended Complaint cannot withstand Defendants' Motion to Dismiss.

Additionally, Wright has also failed to plead an ascertainable loss in connection with his NJCFA claim. The Amended Complaint merely states "[these] actions were clearly an ascertainable loss, as thousands of dollars of additional fees, costs and other amounts were added

15

in to the modification." (ECF No. 30, Count Four ¶ 12.) The "actions" to which paragraph 12 pertains are the alleged fraudulent representations of Deutsche Bank, however, Wright has failed to provide any background as to what these supposed misrepresentations were, to whom they were made, or how they resulted in an ascertainable loss to him. Accordingly, Defendants' Motion to Dismiss Count Four is **GRANTED**.

### E. Unjust Enrichment (Count Five)

Count Five of the Amended Complaint asserts an unjust enrichment claim against Deutsche Bank. Specifically, Wright alleges Deutsche Bank became "unjustly enriched at the expense of [Wright] by engaging in deceptive and fraudulent practices" such as intentionally delaying the loan modification review to "add in thousands of dollars." (ECF No. 30, Count Five ¶¶ 17-19.) Defendants contend Wright's unjust enrichment claim must be dismissed as Wright "does not allege any facts whatsoever" regarding how Deutsche Bank was unjustly enriched or that it received some benefit in excess of its contractual rights. (ECF No. 31-2 at 12.)

"The unjust enrichment doctrine requires that [a] plaintiff show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights." *VRG Corp. v. GKN Realty Corp.*, 641 A.2d 519, 526 (N.J. 1994); *see also Woodlands Community Ass'n, Inc. v. Mitchell*, 162 A.3d 306, 310 (N.J. App. Div. 2017). Here, there is no allegation as to how any of Deutsche Bank's actions resulted in a benefit to it in excess of its rights as laid out in the loan modification contract. Indeed, the Amended Complaint merely alleges an intentional delay in the "modification review," while failing to explain how this delay was improper, outside the bounds of any contract, or proximately caused the windfall of "thousands of dollars" to Deutsche Bank.

Accordingly, Defendants' Motion to Dismiss Count Five is **GRANTED**.[4]

**IV. CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss is **GRANTED** and the Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

Date: August 26, 2019

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

---

[4] Defendants further argue that the doctrine of collateral estoppel bars Wright's claims and as a debtor in a pending Chapter 13 proceeding, Wright is judicially estopped from bringing this action as: his claims are irreconcilably inconsistent with his bankruptcy filings; the concealment of his claims from the bankruptcy court and his creditors was done in bad faith; and Wright's deliberate concealment of issues already raised and rejected in his foreclosure proceedings warrants dismissal. (ECF No. 31-2 at 16-26.) As this Court has already determined that Wright's Amended Complaint fails to state any claims for which relief may be sought pursuant to Rules 12(b)(6) and 9(b), this Court need not visit the additional grounds for dismissal raised in Defendants' Motion to Dismiss.